IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LINDA WILLIAMS and CHARLES WILLIAMS,
her husband,

    Plaintiffs,

v.                                            Civil Action No. 5:11CV80
                                                          (STAMP)

ROGRE HODGSON, FLORA DAWN BENNETT
and STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND**

I.  Background[1]

On April 29, 2011, the plaintiffs commenced this civil action by filing a complaint in the Circuit Court of Ohio County, West Virginia to recover uninsured motorist benefits from their insurer, State Farm Mutual Automobile Insurance Company ("State Farm"). The case arises out of a car accident that occurred on September 15, 2009 when defendant Rogre Hodgson ("Hodgson") backed his car into Linda Williams, who was walking in the crosswalk. In addition to the claim for uninsured motorists benefits against State Farm, the complaint alleges claims for negligence against Hodgson and Flora Dawn Bennett ("Bennett"), the owner of the vehicle driven by Hodgson. The plaintiffs demand judgment against the defendants in

---

[1] As the defendants did not file a response to the plaintiffs' motion to remand, the facts described below are based largely on the facts as described in the plaintiffs' motion.

an amount that exceeds the jurisdictional minimum of the Circuit Court of Ohio County. State Farm removed the case to this Court on June 8, 2011.

Following removal, the plaintiffs filed a motion to remand pursuant to 28 U.S.C. § 1446. In support of this motion, the plaintiffs argue: (1) the defendants have not offered competent proof that the jurisdictional amount has been satisfied; and (2) the defendants have not met their evidentiary burden because settlement negotiations between the parties do not amount to proof of the amount in controversy. The defendants did not file a response to the motion to remand. Nevertheless, this Court decides the motion to remand on the merits.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

III. <u>Discussion</u>

In their motion to remand, the plaintiffs argue that State Farm has failed to satisfy its burden of proving the amount in controversy. According to the plaintiffs, State Farm has merely speculated, without offering proof, as to what the damages in this case will be. Further, the plaintiffs contend that the settlement negotiations between the parties do not assist the Court in valuing the claim which is the subject of removal. This Court agrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. <u>Mulcahey</u>, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. <u>Id.</u>

In this case, the plaintiffs' complaint does not set forth a total monetary sum requested. Rather, the plaintiffs demand judgment against defendants Hodgson and Bennett in an amount that

3

exceeds the jurisdictional minimum of the Circuit Court of Ohio County. The complaint also sets forth a demand for judgment against State Farm in an amount that exceeds the jurisdictional minimum of the Circuit Court of Ohio County, representing all uninsured motorist bodily injury benefits due and owing to the plaintiffs pursuant to the policies of insurance issued to them. Moreover, the plaintiffs demand judgment against State Farm for general damages, together with reasonable attorney fees, expenses and costs incurred in pursuit of these claims, pre- and post-judgment interest, and such other relief as may be deemed proper. Compl. 8.

State Farm justifies removal by referencing a settlement demand letter written by the plaintiffs in the amount of $190,000.00. State Farm also notes the serious and permanent nature of Linda Williams' injuries in support of its contention that the amount in controversy exceeds $75,000.00 However, the plaintiffs argue that the settlement demand has no evidentiary value and does not satisfy State Farm's burden of proving that the case now before this Court has a value exceeding the jurisdictional minimum.

After careful consideration of the record in this case, this Court finds that State Farm has not met its burden of proof with regard to the amount in controversy. Removal cannot be based on speculation; rather, it must be based on facts as they exist at the

time of removal.  See Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000).

Here, State Farm has offered no competent proof or tangible evidence that the amount in controversy exceeds, or it is even highly conceivable that it will exceed $75,000.00, exclusive of interests and costs.  Streight v. State Farm Mut. Auto. Ins. Co., No. 5:10CV138, 2011 WL 719159, at *2 (N.D. W. Va. Feb. 22, 2011). Instead, State Farm simply cites the amount of the plaintiffs' last demand and its latest offer.  The plaintiffs' complaint does not specify the amount of damages demanded, and the assumption that the plaintiffs are reasonably certain to incur future pain, mental anguish, and loss of ability to function is insufficient to show by a preponderance of the evidence that the plaintiffs will recover damages in excess of the jurisdictional minimum.  Therefore, the plaintiffs' motion to remand must be granted.

## IV.  Conclusion

For the reasons stated above, the plaintiffs' motion to remand is GRANTED.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of

the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 24, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE